Marc J. Randazza, NDTX Bar No. 651477MA
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Rd., Ste. B
Las Vegas, NV 89147
Telephone: 702-420-2001
ecf@randazza.com

Jay Blass Cohen, Texas Bar No. 24069528
BLASS LAW PLLC
4245 N. Central Expy, #490
Dallas, TX 75205
Telephone: 713-664-4000
jay@blasslaw.com

*Counsel for Plaintiff Angela Harris*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| In re:<br>WAYNE ALAN DARLING, and TRACY ELLEN O'REILLY DARLING,<br>Debtors. | Chapter 7<br>Case No. 26-42672-ELM7 |
| ANGELA HARRIS,<br>Plaintiff,<br>v.<br>TRACY ELLEN O'REILLY DARLING, and WAYNE ALAN DARLING,<br>Defendants. | Adv. Case No. ________________<br>**COMPLAINT** |

Plaintiff-Creditor Angela Harris ("Plaintiff" or "Harris"), by and through her attorneys, Randazza Legal Group, PLLC, brings the following Complaint objecting to discharge of debt pursuant to 11 U.S.C. § 523(a)(4) & (6) and objecting to discharge under 11 U.S.C. § 727(a)(5) against Defendant-Debtor Tracy Ellen O'Reilly Darling ("Defendant" or "Darling") and Defendant-Debtor Wayne Alan Darling ("Defendant" or "Wayne Darling") and, in support of her Complaint, alleges and states as follows:

## THE PARTIES

1. Plaintiff Angela Harris is a private individual residing in Clark County, Nevada.

2. On information and belief, Defendants, Wayne Alan Darling and Tracy Ellen O'Reilly Darling, are individuals residing in Clark County, Nevada.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this matter under 28 U.S.C. § 157 and 11 U.S.C. § 523. The claims for relief alleged in this complaint arise under Title 11 of the United States Code and are related to a case pending in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"). The pending bankruptcy case to which the claims for relief alleged in this Complaint are related is *In re Wayne Alan Darling and Tracy Ellen O'Reilly Darling,* Bk Case No. 26-42672-ELM7 (the "Bankruptcy").

4. The determination of dischargeability is a core proceeding under 28 U.S.C. § 157(b).

5. Pursuant to 28 U.S.C. § 1409, venue is proper in the Northern District of Texas, because the Bankruptcy Case is pending in this district and division.

6. Defendants Wayne Alan Darling and Tracy Ellen O'Reilly Darling are debtors in the Bankruptcy Case.

## FACTS COMMON TO ALL CLAIMS

7. On September 9, 2025, Harris had filed a suit against Darling in the Eighth Judicial District Court in and for Clark County, Nevada, Case No. A-25-927577-C (hereinafter the "Nevada Case"). A true and correct copy of the Second Amended Complaint, filed on March 31, 2026, in that matter is attached as **Exhibit 1**, incorporated herein by reference. A true and correct copy of the current Docket appears at **Exhibit 2**.

8. Darling filed a voluntary petition under Chapter 7 on June 18, 2026. ECF No. 1.

9. At the time the petition was filed, Darling's Motion to Dismiss was fully briefed and denied by the Court, and a Preliminary Injunction was entered against Darling. However, Darling repeatedly refused to comply with the order.

10. In support of these facts, Harris incorporates by reference her Motion for a Temporary Restraining Order and for a Preliminary Injunction (**Exhibit 3**), the Temporary Restraining Order of September 16, 2025 (**Exhibit 4**); the Extended Temporary Restraining Order of September 23, 2025 (**Exhibit 5**), the Preliminary Injunction of October 31, 2025 (**Exhibit 6**), her Opposition to Darling's Motion to Dismiss of January 20, 2026 (**Exhibit 7**), and the Order Denying Darling's Motion to Dismiss of March 17, 2026 (**Exhibit 8**).

11. On September 9, 2025, Harris filed a complaint against Darling in the Eighth Judicial District Court in and for Clark County, Nevada, Case No. A-25-927577-C, for 1) Invasion of Privacy – Public Disclosure of Private Facts; 2) Promissory Estoppel; 3) Fraud in the Inducement; 4) Intentional Infliction of Emotional Distress; 5) Defamation; and 6) Civil Extortion.

12. Harris amended her complaint twice, with the operative Second Amended Complaint being filed on March 31, 2026. Harris's Second Amended Complaint asserts claims for 1) Promissory Estoppel; 2) Fraud in the Inducement; 3) Intentional Infliction of Emotional Distress; 4) Unjust Enrichment; and 5) Civil Extortion. *See* **Exhibit 1**.

13. The claims in the Nevada case were brought against Darling—Harris's former therapist—after Darling betrayed Harris's trust and violated an explicit confidentiality agreement.

14. Following the death of Harris's husband in 2017, Darling fraudulently manipulated a vulnerable Harris into increasing therapy sessions at $175 per hour and recording the sessions under the promise that the contents would remain strictly confidential.

15. However, she never had any intent of keeping them confidential and fraudulently induced Harris into engaging in the therapy sessions and into allowing them to be recorded.

16. She did so with the specific intent to harm Harris.

17. Darling secretly provided these sensitive recordings, which detailed Harris's private past traumas, to Alexander Kohlrautz, intending for them to be publicly distributed to embarrass and harm Harris and her family.

18. Kohlrautz subsequently edited, shared, and used the recordings to extort Harris regarding a child custody dispute involving her daughter, causing Harris severe emotional and physical distress while allowing Darling to unjustly profit from fees paid under false pretenses.

19. On September 9, 2025, Harris filed her Motion for a Temporary Restraining Order and Preliminary Injunction. *See* Motion, attached as **Exhibit 3**.

20. On October 31, 2025, Ms. Harris filed a Notice of Entry of Order giving notice that the district court granted her Motion for a Preliminary Injunction, finding that Harris had met her burden of demonstrating a likelihood of success on the merits as to her claims for public disclosure of private facts, promissory estoppel, fraud in the inducement, and civil extortion; and that Harris had met her burden in demonstrating that irreparable harm to her reputation would result if Darling improperly circulated recordings of Harris's therapy sessions. *See* **Exhibit 6**.

21. Harris has never fully complied with the injunction.

## CLAIMS FOR RELIEF

## CLAIM I

### Promissory Estoppel Based on Fraudulent Conduct
### For Determination of Non-Dischargeability of Debt (11 U.S.C. § 523(A)(4) & (6))
### (Against Defendant Tracy Ellen O'Reilly Darling)

22. Harris incorporates by reference all preceding paragraphs, as though fully set forth herein.

23. Darling misrepresented to Harris that her recordings of their therapy sessions would remain private and would not be shared with third parties.

24. At all relevant times, Darling acted in a fiduciary capacity.

25. From the outset, Darling was apprised of the true facts, namely that she would share the recordings with third parties. Harris was not apprised and was ignorant of the true facts.

26. Darling intended that her misrepresentation would be acted upon by Harris, and/or Harris had the right to believe that Darling intended that Harris would act upon the misrepresentation.

27. Harris relied to her detriment on Darling's conduct.

28. Harris has been and continues to be damaged by Darling's disclosure.

29. As a direct and proximate result of Darling's acts, Harris has been injured in an amount exceeding $100,000.00.

30. Darling's promises were fraudulent while acting in a fiduciary capacity under 11 U.S.C. § 523(a)(4).

31. Darling's fraudulent promises were a willful and malicious injury under 11 U.S.C. § 523(a)(6).

32. In view of the foregoing, Harris therefore seeks an order under 11 U.S.C. § 523(a)(4) &/or (6) determining that (1) Harris is entitled to payment of the damages by Darling and (2) that said liability is non-dischargeable.

## CLAIM II

### Fraud in the Inducement
### For Determination of Non-Dischargeability of Debt (11 U.S.C. § 523(A)(4) & (6))
### (Against Defendant Tracy Ellen O'Reilly Darling)

33. Harris incorporates by reference all preceding paragraphs, as though fully set forth herein.

34. Following the death of Harris's husband in 2017, Darling encouraged Harris to modify their oral agreement for a therapist/patient relationship.

35. At all relevant times, Darling acted in a fiduciary capacity.

36. Specifically, knowing that Harris had received monies from her husband's life insurance policy, Darling encouraged her to increase the frequency of their therapy sessions and to allow their sessions to be recorded under the explicit promise that Darling would not share those recordings with third parties.

37. Darling's representations were false when they were made. Darling always intended to use the recordings against Harris, and she convinced Harris to allow her to make the recordings so that Darling would have leverage over Harris.

38. Darling made these misrepresentations to induce Harris into modifying their therapist/patient relationship according to Darling's wishes and to induce Harris into allowing her to record their sessions.

39. Harris justifiably relied upon Darling's misrepresentations and modified their relationship to increase the frequency of their sessions and to allow Darling to record their sessions.

40. Darling extracted additional money from Harris due to the increased frequency of their sessions and shared the recordings of their sessions with third parties, including but not necessarily limited to Mr. Kohlrautz.

41. Harris has been and continues to be damaged by Darling's fraud in the inducement.

42. As a direct and proximate result of Darling's acts, Harris has been injured in an amount exceeding $150,000.00.

43. Darling's fraudulent inducement was fraud while acting in a fiduciary capacity under 11 U.S.C. § 523(a)(4).

44. Darling's fraudulent inducement was a willful and malicious injury under 11 U.S.C. § 523(a)(6).

45. In view of the foregoing, Harris therefore seeks an order under 11 U.S.C. § 523(a)(4) &/or (6) determining that (1) Harris is entitled to payment of the damages by Darling and (2) that said liability is non-dischargeable.

**CLAIM III**

**Intentional Infliction of Emotional Distress**
**For Determination of Non-Dischargeability of Debt (11 U.S.C. § 523(A)(6))**
**(Against Defendant Tracy Ellen O'Reilly Darling)**

46. Harris incorporates by reference all preceding paragraphs, as though fully set forth herein.

47. Darling engaged in extreme and outrageous conduct directed at Harris.

48. Darling promised that she would not share the recordings of their therapy sessions with third parties.

49. But she knowingly, willfully, and intentionally breached that promise, providing the recordings to her son, Alexander Kohlrautz, who distributed them more widely, which is what Darling intended when she gave him the recordings.

50. Darling knowingly, willfully, and intentionally breached Harris's trust and caused Harris extreme distress. Harris discussed sensitive and confidential issues with Darling, including her past trauma and mental health.

51. When Darling knowingly, willfully, and intentionally broke her promise of confidentiality, it devastated Harris, as Darling not only broke her promise, she disclosed the most sensitive aspects of Harris' life to third parties.

52. Darling either knew and intended, that her conduct would cause Harris severe emotional distress, or had reckless disregard for whether her conduct would cause severe emotional distress.

53. Harris actually suffered severe or extreme emotional distress, resulting in physical symptoms, including sleeplessness and insomnia, panic attacks, depression, and extreme anxiety.

54. Harris's severe emotional distress was caused by Darling's conduct.

55. As a direct and proximate result of Darling's acts, Harris has been damaged in an amount exceeding $150,000.00.

56. Darling's intentional infliction of emotional distress was a willful and malicious injury under 11 U.S.C. § 523(a)(6).

57. In view of the foregoing, Harris therefore seeks an order under 11 U.S.C. § 523(a)(6) determining that (1) Harris is entitled to payment of the damages by Darling and (2) that said liability is non-dischargeable.

**CLAIM IV**

**Unjust Enrichment by Fraudulent Conduct**
**For Determination of Non-Dischargeability of Debt (11 U.S.C. § 523(A)(4) & (6))**
**(Against Defendant Tracy Ellen O'Reilly Darling)**

58. Harris incorporates by reference all preceding paragraphs, as though fully set forth herein.

59. Harris conferred a benefit upon Darling by paying her for therapy sessions that Darling explicitly promised would remain confidential.

60. At all relevant times, Darling acted in a fiduciary capacity.

61. Darling appreciated, accepted, and retained the benefit conferred to her by Harris.

62. Darling did not keep the therapy sessions confidential, violating her promises to Harris, and profited unfairly at Harris' expense.

63. Given that Darling did not keep the therapy sessions confidential, it would be inequitable to permit Darling to retain the benefit that she conferred from Harris. Darling should be required to return the money paid to her by Harris.

64. As a direct and proximate result of Darling's acts, Harris has been damaged in an amount exceeding $15,000.00.

65. Darling's unjust enrichment was fraud while acting in a fiduciary capacity under 11 U.S.C. § 523(a)(4).

66. Darling's unjust enrichment was a willful and malicious injury under 11 U.S.C. § 523(a)(6).

67. In view of the foregoing, Harris therefore seeks an order under 11 U.S.C. § 523(a)(4) &/or (6) determining that (1) Harris is entitled to payment of the damages by Darling and (2) that said liability is non-dischargeable.

**CLAIM V**

**Objection to Discharge (11 U.S.C. § 727(A)(5))**
**(Against All Defendants)**

68. Harris incorporates by reference all preceding paragraphs, as though fully set forth herein.

69. Debtors have now filed three successive sworn versions of their schedules and statements in ninety days: the original schedules and Statement of Financial Affairs on June 18, 2026 (ECF No. 1); an Amended Schedule A/B, Amended Schedule E/F, and Amended SOFA on August 14, 2026 (ECF Nos. 15–17); and a second Amended Schedule A/B and Summary on September 15, 2026 (ECF No. 20).

70. The successive versions materially contradict one another, including without limitation:

a. The Debtors' real property in Wicklow County, Ireland, sworn at $11,000 on June 18 and sworn at $250,000 on August 14;

b. The recipient of an approximately $45,000 transfer of home-equity loan proceeds in November 2024, sworn on June 18 to be the Debtors' son Alexander Kohlrautz and sworn on August 14 to be Christopher Weber of Fair Oaks, Texas;

c. The Amended SOFA's newly disclosed receipt of $215,000 in HELOC disbursements during 2024, of which approximately $170,000 has no disclosed disposition; and

d. ECF No. 20's disclosure — for the first time, in the third sworn version of Schedule A/B — of a Frost Bank checking account (No. 5275) described as owned by the Debtors' son (ECF No. 20 at 5), notwithstanding the Debtors' unamended SOFA No. 23 response denying that they hold or control property owned by others (ECF No. 17 at 11).

71. In Debtors' Amended Statement of Financial Affairs, $215,000 of HELOC disbursements are disclosed as "other income". ECF No. 17 at 3.

72. Of that HELOC, $45,000 was funneled to a third party (Christopher Weber) "on behalf of" adult son Alexander Kohlrautz to pay his personal child-support-case legal fees in November 2024. ECF No. 17 at 9.

73. Debtors show a large HELOC-secured mortgage balance of $209,506 (ECF No. 17 at 3), but comparatively modest assets, including what must be the subject home, with a value of $254,212.50 (ECF No. 20 at 1), representing a high loan-to-value ratio over 80%.

74. Another $10,342 in "rolling bank transfers" to another adult, co-habiting son (Arthur Darling) over 2024–2026, were disclosed, described only as a "blended arrangement" of gift/caregiving allowance/reimbursement. *Id.* Such description does not account for how much was gift, how much was reimbursement, and how much was something else.

75. In July 2025, Debtors closed Texas Trust Credit Union checking and savings accounts with $0.00 balances, and a Charles Schwab brokerage account in November 2025 with a $0.00 balance, without explaining where the funds from those accounts went. ECF No. 17 at 10.

76. In view of the foregoing, Harris therefore seeks an order under 11 U.S.C. § 727(a)(5) that Debtors are not entitled to a discharge due to failure to satisfactorily explain their losses of assets.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against Debtors as follows:

A. For actual, presumed, and punitive damages in an amount to be specifically determined at trial;

B. For costs, disbursements, fees, and interest as authorized by state and federal law and rules;

C. For a decree that all Debtors are not entitled to a discharge under 11 U.S.C. § 727(a)(5);

D. For a decree that all debts determined to be owing by Debtors to Plaintiff which are the subject of this action are deemed and adjudicated to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(4) &/or (6); and

E. For such other and additional remedies as the Court may deem just and proper.

Dated: September 21, 2026.

Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza (NDTX Bar No. 651477MA)
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Rd., Ste. B
Las Vegas, NV 89147
Telephone: 702-420-2001
ecf@randazza.com

/s/ Jay Blass Cohen
Jay Blass Cohen (Texas Bar # 24069528)
BLASS LAW PLLC
4245 N. Central Expy, #490
Dallas, TX 75205
Telephone: 713-664-4000
jay@blasslaw.com

*Counsel for Plaintiff Angela Harris*