# **Exhibit 1**

Second Amended Verified Complaint
March 31, 2026

Electronically Filed
3/31/2026 11:34 AM
Steven D. Grierson
CLERK OF THE COURT

**SACOM**

Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Road, Ste. B
Las Vegas, NV 89147
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Plaintiff
Angela Harris

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| ANGELA HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>TRACY DARLING, an individual; ALEXANDER KOHLRAUTZ, an individual; DOES 1 through 10; ROE CORPORATIONS 11-20;<br><br>Defendants. | Case No. A-25-927577-C<br><br>Dept. XIX<br><br>**SECOND AMENDED VERIFIED COMPLAINT**<br><br>**ARBITRATION EXEMPTION: AMOUNT IN EXCESS OF $100,000; EQUITABLE RELIEF SOUGHT** |

Plaintiff Angela Harris brings this Second Amended Verified Complaint against Defendants Tracy Darling, Alexander Kohlrautz, Does 1 through 10, and Roe Corporations 11 through 20, and hereby alleges as follows:

**THE PARTIES**

1. Plaintiff Angela Harris is a private individual residing in Clark County, Nevada.

2. On information and belief, Defendant Tracy Darling is an individual residing in Tarrant County, Texas. Ms. Darling acted as Plaintiff's therapist and is co-Defendant Alexander Kohlrautz's mother.



Case Number: A-25-927577-C Doc ID: 43b35e3fd878b322d65c9ed6da475306c20f80c6

3. On information and belief, Defendant Alexander Kohlrautz is an individual residing in Clark County, Nevada. Defendant Kohlrautz is also known as Alexander Kohl. Mr. Kohlrautz is Defendant Tracy Darling's son. He additionally is divorced from and has 2 children with Plaintiff Harris' daughter.

4. Does 1 through 10 and Roe Corporations 11 through 20 are unknown individuals and/or entities who either contributed to or participated in Defendants' tortious and unlawful conduct. Their identities and the extent of their contributions to the complained of conduct will be sought during discovery in this litigation.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over Defendant Darling because her tortious activities giving rise to Plaintiff's causes of action were directed at Plaintiff, a resident of Clark County, Nevada. Much of Defendant Darling's conduct was committed while she was physically present in Clark County, Nevada. Defendant had knowledge that Plaintiff resided in Nevada. The effects of Defendant's conduct were felt in the State of Nevada. Plaintiff's damages were suffered in the State of Nevada.

6. This Court has jurisdiction over Defendant Kohlrautz because he resides in Clark County, Nevada. Additionally, Defendant's tortious activities giving rise to Plaintiff's causes of action were directed at Plaintiff, a resident of Clark County, Nevada. Defendant had knowledge that Plaintiff resided in Nevada. The effects of Defendant's conduct were felt in the State of Nevada. Plaintiff's damages were suffered in the State of Nevada.

7. The amount in controversy, represented by actual and consequential damages to Plaintiff, and possible punitive damages, exceeds $15,000.00. This Court has jurisdiction over this matter.

8. Venue is proper before this Court as to Defendant Kohlrautz because he resides in Clark County, Nevada. Defendant Darling does not reside in any county in Nevada, and Plaintiff Harris designates this County to hear this matter.



Doc ID: 43b35e3fd878b322d65c9ed6da475306c20f80c6

## FACTS RELEVANT TO ALL CLAIMS

9. Beginning in 2015, Plaintiff Angela Harris began engaging in mental health counseling with Defendant Tracy Darling. Ms. Harris chose Ms. Darling as her counselor because she trusted her, she held herself out as providing therapy services, and Ms. Darling represented herself as a religious and ethical person.

10. During her therapy sessions with Defendant Darling, Plaintiff Harris discussed her past traumas with Defendant Darling and how those traumas affected her day-to-day life. Ms. Darling represented that she could help Plaintiff Harris heal from that trauma and teach her how to deal with trauma and adversity. Defendant Darling additionally opined upon Plaintiff Harris' mental health and provided advice regarding how to improve Plaintiff Harris' mental health.

11. While Defendant Darling was not a licensed psychology professional, she held herself out as a therapist and billed Plaintiff for her therapy services. The hourly rate charged by Ms. Darling increased over time and reached $175 per hour for her therapy services.

12. Based upon promises by Ms. Darling that she would keep the details of their counseling sessions private and not disclose the contents or subjects of their discussions with third parties, Ms. Harris provided Ms. Darling with confidential and sensitive information during these counseling sessions.

13. For approximately two years, from 2015-2017, Ms. Harris engaged in counseling sessions with Ms. Darling.

14. In 2017, Plaintiff Harris' husband passed away, leaving her emotionally devastated and vulnerable.

15. Plaintiff Harris additionally received the proceeds of a large life insurance payout upon her husband's death. Defendant Darling took advantage of Ms. Harris's vulnerable mental state to encourage and manipulate Ms. Harris into increasing the number and frequency of their therapy sessions.



Doc ID: 43b35e3fd878b322d65c9ed6da475306c20f80c6

16. Defendant Darling additionally saw the large life insurance payout that Ms. Harris received as a way to enrich herself at Plaintiff Harris's expense, as Defendant Darling charged Ms. Harris for her counseling and therapy services.

17. Defendant Darling additionally convinced Ms. Harris to allow her to record their therapy sessions. Ms. Darling represented to Ms. Harris that recordings of their sessions would assist Ms. Harris in healing her trauma and would allow Ms. Darling to assign Ms. Harris "homework" that would speed her recovery.

18. Ms. Darling explicitly promised Ms. Harris that the recordings of their sessions would remain confidential and that she would not share them with anyone.

19. Without these explicit promises from Ms. Darling, Plaintiff Harris would not have permitted Defendant Darling to record their therapy sessions. She additionally would not have agreed to pay Ms. Darling up to $175 per hour for the therapy sessions.

20. Once Ms. Harris consented to Ms. Darling recording their therapy sessions, Defendant Darling used these sessions to foster Ms. Harris's dependency on Ms. Darling to cope with the death of her husband and to manipulate Ms. Harris into sharing deeply private and personal information with Ms. Darling, including information about childhood abuse that Ms. Harris suffered.

21. Ms. Harris trusted Defendant Darling, and Ms. Darling had promised her that what the two of them discussed would remain private and confidential. Moreover, while Ms. Darling was not licensed, Ms. Harris understood that therapists had a duty of confidentiality to their patients, and Darling led Harris to believe that she would adhere to this duty, and as a layperson, Ms. Harris did not have any way of knowing that an unlicensed therapist would have any less obligation to adhere to a duty of confidentiality than a licensed one.

22. Defendant Darling never intended to keep the recordings private or confidential. Upon information and belief, at the time Ms. Darling suggested to Ms. Harris that Ms. Darling be permitted to record their therapy sessions, Ms. Darling had an ulterior motive and intended to use



Doc ID: 43b35e3fd878b322d65c9ed6da475306c20f80c6

the recordings to take advantage of Ms. Harris. While Ms. Darling likely did not know how she would use the recordings in the future, she specifically intended to have recordings of Ms. Harris that could either embarrass Ms. Harris and/or provide Ms. Darling with leverage over Ms. Harris at some future date.

23. Unfortunately for Ms. Harris, she trusted Defendant Darling and did not realize the recordings were being made for the purpose of future embarrassment and/or leverage over her.

24. In January of 2025, Ms. Harris discovered that Ms. Darling had shared the recordings of their therapy sessions with her son, Defendant Alexander Kohlrautz. Defendant Darling did not request, nor obtain, Ms. Harris's consent to share these recordings with Defendant Kohlrautz. Rather, Ms. Darling shared these recordings with Mr. Kohlrautz without Ms. Harris's permission or consent.

25. Ms. Darling gave these recordings to Mr. Kohlrautz for the specific purpose of having him publicly distribute them. She additionally wanted Defendant Kohlrautz to ensure that Ms. Harris's family and friends, as well as numerous third parties and the public in general, would hear the recordings.

26. Upon information and belief, Defendant Darling intended that the recordings of her therapy sessions with Ms. Harris would be heard by as large an audience as possible.

27. In fact, the recordings were heard by Ms. Harris's family and friends, as well as a currently unknown number of third parties to this lawsuit. Plaintiff is not yet aware of the full extent of Defendants' distribution of the recordings, but upon information and belief, they have been distributed to many more individuals by Defendants.

28. Ms. Darling shared these recordings with Mr. Kohlrautz for the purpose of embarrassing and injuring Plaintiff Angela Harris. Defendants also manipulated the recordings to create a deliberately misleading and selectively edited compilation that misrepresents Ms. Harris's words, beliefs, and character.



Doc ID: 43b35e3fd878b322d65c9ed6da475306c20f80c6

29. Defendant Darling knew that Ms. Harris would suffer extreme emotional injury if the recordings of their therapy sessions were shared, and injuring Plaintiff is precisely what Ms. Darling intended to do.

30. Specifically, a bond of trust forms between a therapist and her patients, and while Tracy Darling was an unlicensed therapist, Ms. Harris reasonably believed that Ms. Darling took her role as a therapist seriously and would not betray the trust that Ms. Harris had in her. Ms. Harris had faith in Ms. Darling that she would keep their therapy sessions private and not broadcast them to the public.

31. When Ms. Darling broke her promise to Ms. Harris and provided Mr. Kohlrautz with recordings of their therapy sessions, Ms. Harris was devastated. It was one of the most egregious breaches of trust that a therapist can engage in, and Ms. Harris was – and remains – emotionally devastated and distraught by Ms. Darling's betrayal of the therapist-patient relationship.

32. Once in possession of these recordings, Mr. Kohlrautz shared them with at least one third party without Ms. Harris' knowledge or consent. Mr. Kohlrautz additionally shared these manipulated recordings for the purpose of causing emotional injury to Ms. Harris.

33. Since that time, Mr. Kohlrautz has repeatedly threatened Ms. Harris. Specifically, he has told her that he would "ruin" her and that he has information about her that could destroy her life. Defendant Kohlrautz's statements were intended to make Plaintiff Harris fear that he would release these recordings online to the general public to undermine, damage, and disrupt Ms. Harris' professional career, including her upcoming publications.

34. Defendant Kohlrautz is currently engaged in a heated child custody battle with Plaintiff's daughter. Mr. Kohlrautz informed Plaintiff that she needed to stop assisting her daughter in the custody proceedings if she did not want him to ruin her reputation.



Doc ID: 43b35e3fd878b322d65c9ed6da475306c20f80c6

35. Based upon Ms. Darling's and Mr. Kohlrautz's conduct, Plaintiff Harris has suffered extreme emotional distress. This distress has manifested in physical symptoms, including sleeplessness and insomnia, panic attacks, depression, and extreme anxiety.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**Promissory Estoppel**

**Against Defendant Tracy Darling**

36. Plaintiff Harris incorporates the allegations of each of the preceding paragraphs as if set forth fully herein.

37. Defendant Darling misrepresented to Plaintiff Harris that her recordings of their therapy sessions would remain private and would not be shared with third parties.

38. From the outset, Defendant Darling was apprised of the true facts, namely that she would share the recordings with third parties. Plaintiff Harris was not apprised and was ignorant of the true facts.

39. Defendant Darling intended that her misrepresentation would be acted upon by Plaintiff Harris, and/or Plaintiff Harris had the right to believe that Defendant Darling intended that Plaintiff Harris would act upon the misrepresentation.

40. Plaintiff Harris relied to her detriment on the conduct of Defendant Darling.

41. Plaintiff Harris has been and continues to be damaged by Defendant Darling's disclosure.

42. As a direct and proximate result of Defendant Darling's acts, Plaintiff has been injured in an amount exceeding $15,000.00.

/ / /

/ / /

/ / /

/ / /

**SECOND CLAIM FOR RELIEF**

**Fraud in the Inducement**

**Against Defendant Tracy Darling**

43. Plaintiff Harris incorporates the allegations of each of the preceding paragraphs as if set forth fully herein.

44. Following the death of Plaintiff Harris' husband in 2017, Defendant Darling encouraged Plaintiff Harris to modify their oral agreement for a therapist/patient relationship. Specifically, knowing that Ms. Harris had received monies from her husband's life insurance policy, Ms. Darling encouraged her to increase the frequency of their therapy sessions and to allow their sessions to be recorded under the explicit promise that Ms. Darling would not share those recordings with third parties.

45. Defendant Darling's representations were false when they were made. Ms. Darling always intended to use the recordings against Plaintiff Harris, and she convinced Ms. Harris to allow her to make the recordings so that Ms. Darling would have leverage over Ms. Harris.

46. Defendant Darling made these misrepresentations to induce Plaintiff Harris into modifying their therapist/patient relationship according to Defendant Darling's wishes and to induce Plaintiff Harris into allowing her to record their sessions.

47. Plaintiff Harris justifiably relied upon Defendant Darling's misrepresentations and modified their relationship to increase the frequency of their sessions and to allow Ms. Darling to record their sessions.

48. Ms. Darling extracted additional money from Ms. Harris due to the increased frequency of their sessions and shared the recordings of their sessions with third parties, including but not necessarily limited to Defendant Kohlrautz.

49. Plaintiff Harris has been and continues to be damaged by Defendant Darling's fraud in the inducement.



Doc ID: 43b35e3fd878b322d65c9ed6da475306c20f80c6

50. As a direct and proximate result of Defendant Darling's acts, Plaintiff has been injured in an amount exceeding $15,000.00.

**THIRD CLAIM FOR RELIEF**

**Intentional Infliction of Emotional Distress**

**Against Defendant Tracy Darling**

51. Plaintiff Harris incorporates the allegations of each of the preceding paragraphs as if set forth fully herein.

52. Defendant Tracy Darling engaged in extreme and outrageous conduct directed at Plaintiff Angela Harris.

53. Defendant Tracy Darling promised Ms. Harris that she would not share the recordings of their therapy sessions with third parties. However, she did, providing the recordings to her son, Defendant Alexander Kohlrautz. Mr. Kohlrautz distributed them more widely, which is what Ms. Darling intended when she gave him the recordings.

54. Ms. Darling breached Ms. Harris's trust in her as a therapist and caused her extreme distress. Plaintiff Harris discussed sensitive and confidential issues with Ms. Darling, including her past trauma and her mental health.

55. When Ms. Darling broke her promise of confidentiality to Ms. Harris, it devastated Ms. Harris, as Ms. Darling not only broke her promise to Ms. Harris, she disclosed the most sensitive aspects of Ms. Harris' life to third parties.

56. Defendant Darling either knew, and intended, that her conduct would cause Ms. Harris severe emotional distress or had reckless disregard for whether her conduct would cause severe emotional distress.

57. Plaintiff Angela Harris actually suffered severe or extreme emotional distress, resulting in physical symptoms, including sleeplessness and insomnia, panic attacks, depression, and extreme anxiety.

58. Ms. Harris's severe emotional distress was caused by Defendant's conduct.



Doc ID: 43b35e3fd878b322d65c9ed6da475306c20f80c6

59. As a direct and proximate result of Defendant's actions, Plaintiff has been damaged in an amount exceeding $15,000.00.

**FOURTH CLAIM FOR RELIEF**

**Unjust Enrichment**

**Against Defendant Tracy Darling**

60. Plaintiff Harris incorporates the allegations of each of the preceding paragraphs as if set forth fully herein.

61. Plaintiff Harris conferred a benefit upon Defendant Tracy Darling by paying her for therapy sessions that Defendant Darling explicitly promised would remain confidential.

62. Defendant Darling appreciated, accepted, and retained the benefit conferred to her by Plaintiff Harris.

63. Defendant Darling did not keep the therapy sessions confidential, violating her promises to Plaintiff Harris, and profited unfairly at Plaintiff Harris' expense

64. Given that Defendant Darling did not keep the therapy sessions confidential, it would be inequitable to permit Defendant Darling to retain the benefit that she conferred from Ms. Harris. Defendant Darling should be required to return the money paid to her by Ms. Harris.

65. As a direct and proximate result of Defendants' actions, Plaintiff has been damaged in an amount exceeding $15,000.00.

**FIFTH CLAIM FOR RELIEF**

**Civil Extortion**

**Against Defendant Alexander Kohlrautz**

66. Plaintiff Harris incorporates the allegations of each of the preceding paragraphs as if set forth fully herein.

67. Defendant Kohlrautz has informed Plaintiff Harris that he would ruin her life unless Plaintiff Harris stopped assisting her daughter in a child custody dispute with Mr. Kohlrautz.



Doc ID: 43b35e3fd878b322d65c9ed6da475306c20f80c6

Defendant Kohlrautz intended to make Plaintiff Harris fear that he would release recordings of her therapy sessions with Ms. Darling and that is how Ms. Harris took his threat.

68. The recordings of those therapy sessions contain information that is private, sensitive, and confidential to Ms. Harris.

69. Defendant Kohlrautz made these threats for the improper purpose of forcing Ms. Harris to stop assisting her daughter in that custody dispute.

70. Defendant's threats to Ms. Harris were inappropriate, unlawful, threatening, and harassing and constitute an attempt to extort Plaintiff Harris.

71. As a direct and proximate result of Defendant Kohlrautz's actions, Plaintiff has been damaged in an amount exceeding $15,000.00.

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims asserted herein.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Angela Harris prays for relief as follows:

A. That Plaintiff be awarded general, exemplary, and punitive damages in an amount exceeding $15,000.00 and to be determined at trial;

B. A determination that the recordings in Defendants' possession were improperly transmitted to third parties in violation of Plaintiff's rights;

C. Injunctive relief prohibiting Defendants from further dissemination to third parties to this lawsuit;

D. Injunctive relief restraining Defendants from further extortionate conduct; and

E. Such other relief as this Court deems proper.

/ / /

/ / /

/ / /

/ / /



Doc ID: 43b35e3fd878b322d65c9ed6da475306c20f80c6

Dated: March 31, 2026

Respectfully submitted,

/s/ Ronald D. Green
Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Road, Ste. B
Las Vegas, NV 89147
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Plaintiff
Angela Harris



Doc ID: 43b35e3fd878b322d65c9ed6da475306c20f80c6

Case No. A-25-927577-C

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was electronically filed on this 31st day of March, 2026 and served via the Eighth Judicial District Court's Odyssey electronic filing system.

/s/ Ronald D. Green
RONALD D. GREEN



Doc ID: 43b35e3fd878b322d65c9ed6da475306c20f80c6

**VERIFICATION OF COMPLAINT**

I, Angela Harris, am the Plaintiff in the above-captioned matter. I have reviewed the foregoing allegations in this Second Amended Verified Complaint, and I hereby declare under the penalty of perjury that the foregoing allegations are true and correct to the best of my knowledge and understanding.

Dated: 03 / 30 / 2026 By: ______________________
Angela Harris



Doc ID: 43b35e3fd878b322d65c9ed6da475306c20f80c6