# Exhibit 6

Preliminary Injunction
October 31, 2025

Electronically Filed
10/30/2025 12:18 PM
CLERK OF THE COURT

ORPI
~~ORDG~~

Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Road, Ste. B
Las Vegas, NV 89147
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Plaintiff
Angela Harris.

**EIGHTH JUDICIAL DISTRICT COURT**
**CLARK COUNTY, NEVADA**

ANGELA HARRIS,

Plaintiff,

v.

TRACY DARLING, *et al.*,

Defendants.

Case No. A-25-927577-C

Dept. XIX

**PRELIMINARY INJUNCTION**

This matter was heard on October 15, 2025, on Plaintiff Angela Harris's Motion for Preliminary Injunction. Ronald D. Green, Jr. of Randazza Legal Group, PLLC appeared on behalf of Plaintiff Angela Harris. No one appeared on behalf of Defendants. The Court, having considered Plaintiff Harris's Motion for Temporary Restraining Order and Preliminary Injunction, and the papers and pleadings on file herein, and having considered the arguments of counsel at the hearing, and good cause appearing, the Court finds and orders as follows:

Plaintiff has met her burden of demonstrating a likelihood of success on the merits as to her claims for public disclosure of private facts, promissory estoppel, fraud in the inducement, and civil extortion against Defendants Tracy Darling and Alexander Kohlrautz.

Plaintiff has met her burden of demonstrating that irreparable harm to her reputation would result if Defendants improperly circulated recordings of Ms. Harris' therapy sessions with

Defendant Darling to third parties or published any or all of those recordings. Reputational damage is irreparable if it is prospective in nature and can be prevented through the issuance of injunctive relief, as is the case here.

An examination of a balance of the equities weighs in favor of injunctive relief. Plaintiff Harris merely requests that Defendants be enjoined from making her private facts public. Defendants will not be harmed if they are prohibited from disseminating recordings of Plaintiff's therapy sessions.

Plaintiff completed alternate service of process pursuant to NRCP 4.4(b)(1) upon Defendants Tracy Darling and Alexander Kohlrautz as permitted by the Court in the Order Extending Temporary Restraining Order and Permitting Alternate Service, which was entered on September 24, 2025.

Plaintiff has requested that the Court convert the Temporary Restraining Order issued on September 16, 2025, into a Preliminary Injunction in effect for the pendency of this case. However, in order to satisfy Defendants' concerns, Plaintiff requests that the Court modify the Temporary Restraining Order in one respect: Defendants should not have to destroy the recordings of Plaintiff Harris's therapy sessions until the conclusion of this litigation. Rather, Defendants' counsel should maintain custody of the recordings for the pendency of this case and not permit his clients to access them or use them in any way without express permission of this Court.

Accordingly, it is hereby ORDERED that Plaintiff's Motion for Preliminary Injunction is GRANTED. The Temporary Restraining Order issued by this Court on September 16, 2025, is converted into a Preliminary Injunction.

IT IS FURTHER ORDERED that Defendants Darling and Kohlrautz are enjoined from disseminating recordings of Plaintiff Harris's therapy sessions to anyone.

IT IS FURTHER ORDRED that Defendants' attorney shall keep custody of the recordings of Harris's therapy sessions until the conclusion of the case. Defendants' counsel shall not copy,

transfer, or share the recordings in any way without the express written consent of Plaintiff's counsel or this Court. Defendants shall not be permitted to access them without the express permission of this Court. At the conclusion of this case, absent subsequent order of this Court, Defendants' counsel shall destroy the recordings and provide a declaration to the Court confirming that he has done so.

IT IS FURTHER ORDERED that the $100 bond that Plaintiff Harris posted for the Temporary Restraining Order will remain posted for this Preliminary Injunction. The Court finds a $100 bond appropriate under the circumstances.

IT IS FURTHER ORDERED that this Preliminary Injunction will remain in full force and effect until further order from this Court extinguishing it.

~~DATED this ____ day of October 2025~~.

**Dated this 30th day of October, 2025**

DISTRICT COURT JUDGE

**88A D88 0018 EE41**
**Crystal Eller**
**District Court Judge**

Submitted by:

/s/ Ronald D. Green
Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Road, Ste. B
Las Vegas, NV 89147
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Plaintiff
Angela Harris

**CSERV**

DISTRICT COURT
CLARK COUNTY, NEVADA

| | |
|---|---|
| Angela Harris, Plaintiff(s)<br>vs.<br>Tracy Darling, Defendant(s) | CASE NO: A-25-927577-C<br>DEPT. NO. Department 19 |

**AUTOMATED CERTIFICATE OF SERVICE**

Electronic service was attempted through the Eighth Judicial District Court's electronic filing system, but there were no registered users on the case. The filer has been notified to serve all parties by traditional means.