Clayton L. Everett, Texas State Bar No. 24065212
NORRED LAW, PLLC | 515 E. Border Street | Arlington, Texas 76010
Phone: (817) 704-3984 | clayton@norredlaw.com
Counsel for Defendants

# United States Bankruptcy Court

Northern District of Texas
Fort Worth Division

| | |
|---|---|
| In re:<br>Wayne Alan Darling and<br>Tracy Ellen O'Reilly Darling,<br>Debtor(s), | Case No. 26-42672-elm7<br><br>Chapter 7 |
| Angela Harris<br>Plaintiff(s),<br>vs.<br><br>Tracy Ellen O'Reilly Darling, et al.,<br>Defendant(s) | Adversary No. 26-04122-elm |

## ANSWER OF DEFENDANTS TRACY ELLEN O'REILLY DARLING AND WAYNE ALAN DARLING TO PLAINTIFF'S COMPLAINT

Defendants Tracy Ellen O'Reilly Darling ("Tracy Darling") and Wayne Alan Darling ("Wayne Darling") (together, "Defendants") hereby answer the Complaint (ECF No. 1)[1] of Plaintiff Angela Harris ("Plaintiff") as follows. This Answer is filed subject to, and without waiver of, Defendants' Partial Motion to Dismiss, filed contemporaneous herewith (ECF No.12), which seeks dismissal of Claims I, II, and IV and of all claims for monetary relief against Wayne Darling (the "Partial Motion"). Defendants respond to every paragraph of the Complaint, including those addressed in the Partial Motion, and no response below waives any argument made in the Partial Motion. The Complaint's headings are repeated for convenience only and are not admissions. Except as expressly admitted below, Defendants deny each and every allegation in the Complaint.

[1] Unless otherwise noted, citations to "ECF No." refer to the docket in Adversary No. 26-04122-elm. Citations to "Bankr. ECF No." refer to the docket in the main bankruptcy case, No. 26-42672-elm7.

## THE PARTIES

1. Defendants admit, on information and belief, the allegations in paragraph 1 of the Complaint.

2. Defendants deny the allegations in paragraph 2 of the Complaint, and aver that Defendants are individuals who have resided in Tarrant County, Texas since 2005 and that neither Defendant resides in Clark County, Nevada.

## JURISDICTION AND VENUE

3. Defendants admit that this Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1334 and 157 and that Defendants' chapter 7 case is pending in this Court as described in paragraph 3. Defendants deny that Plaintiff holds any claim for relief against either Defendant and deny any remaining allegations in paragraph 3.

4. Defendants admit that determinations of the dischargeability of particular debts and objections to discharge are core proceedings under 28 U.S.C. § 157(b)(2)(I) and (J).

5. Defendants admit that venue is proper in this district and division under 28 U.S.C. § 1409(a), and aver that Defendants are residents of Tarrant County, Texas.

6. Defendants admit the allegations in paragraph 6 of the Complaint.

## FACTS COMMON TO ALL CLAIMS

7. Defendants admit that on September 9, 2025, Plaintiff filed suit against Tracy Darling and Alexander Kohlrautz in the Eighth Judicial District Court for Clark County, Nevada, Case No. A-25-927577-C (the "Nevada Case"), and that the documents identified as Exhibits 1 and 2 are attached to the Complaint. Defendants respectfully refer the Court to those documents, which speak for themselves, deny any characterization of them inconsistent with their contents, and deny the remaining allegations in paragraph 7. Defendants aver that Wayne Darling is not, and has never been, a party to the Nevada Case.

8. Defendants admit that they jointly filed a voluntary petition under chapter 7 of the Bankruptcy Code on June 18, 2026 (Bankr. ECF No. 1), and deny any remaining allegations in paragraph 8.

9. Defendants admit that, before the petition date, the Nevada court (a) entered an order on March 16, 2026 denying without prejudice Tracy Darling's motion to dismiss the First Amended Complaint and granting Plaintiff leave to amend, and (b) entered a Preliminary Injunction on October 30, 2025, which the Nevada court later modified by order entered May 20, 2026. Defendants deny that Tracy Darling has repeatedly refused to comply with any order of the Nevada court. Defendants aver that Tracy Darling has preserved the recordings, has not disseminated them, and will deliver them to a custodian upon the appointment of one. Defendants deny the remaining allegations in paragraph 9.

10. Defendants admit that Plaintiff purports to incorporate by reference the documents identified as Exhibits 3 through 8, and respectfully refer the Court to those documents, which speak for themselves; Defendants deny any remaining allegations and any characterization of those documents in paragraph 10.

11. Defendants admit that on September 9, 2025, Plaintiff filed a complaint in the Nevada Case asserting the causes of action listed in paragraph 11 against Tracy Darling, Alexander Kohlrautz, or both. Defendants aver that the civil extortion claim was asserted against Alexander Kohlrautz only and has never been asserted against Tracy Darling. Defendants deny that any of those claims has merit and deny the remaining allegations in paragraph 11.

12. Defendants admit that Plaintiff amended her complaint twice and that the operative Second Amended Complaint, filed on March 31, 2026, asserts the claims listed in paragraph 12. Defendants aver that the Second Amended Complaint no longer asserts the claims for invasion of privacy (public disclosure of private facts) and defamation pleaded in the original complaint, and

that it asserts the civil extortion claim against Alexander Kohlrautz only. Defendants deny that any of those claims has merit and deny any remaining allegations in paragraph 12.

13. Defendants deny the allegations in paragraph 13 of the Complaint. Defendants aver that Tracy Darling is the mother of Alexander Kohlrautz; that Plaintiff and Tracy Darling are grandmothers of the same two grandchildren; that Tracy Darling was never Plaintiff's therapist and never held herself out as a therapist; that the parties' conversations concerned astrology and related "wisdom teaching" topics; and that Tracy Darling does not recall making, and denies that she made, any promise or agreement that the parties' conversations or recordings would remain confidential.

14. Defendants deny the allegations in paragraph 14 of the Complaint. Defendants aver that Tracy Darling never charged Plaintiff a set rate for their conversations, by the hour or otherwise; did not urge Plaintiff to increase the frequency of their conversations, which became weekly only in February 2021; did not ask that their conversations be recorded, which Plaintiff requested so she could replay them; and did not solicit, and is not aware of receiving, any proceeds of the life insurance on Plaintiff's late husband.

15. Defendants deny the allegations in paragraph 15 of the Complaint, and aver that the recordings in Tracy Darling's possession were made through Google Voice between approximately February 2021 and September 2023 at Plaintiff's request, and that Plaintiff received a copy of each recording.

16. Defendants deny the allegations in paragraph 16 of the Complaint.

17. Defendants admit that Tracy Darling provided certain recordings to her son, Alexander Kohlrautz, for use in a child-custody proceeding concerning the minor grandchildren of Plaintiff and Tracy Darling, and aver that Mr. Kohlrautz, not Tracy Darling, provided them to his counsel in that proceeding. Defendants deny that Tracy Darling did so secretly, deny that she intended or

expected the recordings to be publicly distributed or used to embarrass or harm Plaintiff or her family, deny that the recordings were of therapy sessions, and deny the remaining allegations in paragraph 17.

18. Defendants deny that Tracy Darling edited, shared, or used any recording to extort Plaintiff, deny that Tracy Darling caused Plaintiff any distress, and deny that Tracy Darling profited from any fees paid under false pretenses. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Alexander Kohlrautz's communications with Plaintiff, and therefore deny them. Defendants deny the remaining allegations in paragraph 18.

19. Defendants admit that Plaintiff filed a Motion for a Temporary Restraining Order and Preliminary Injunction on September 9, 2025, and aver that Plaintiff sought that relief ex parte, without notice to either defendant in the Nevada Case; Defendants deny any remaining allegations in paragraph 19.

20. Defendants admit that the Nevada court entered a Preliminary Injunction on October 30, 2025, and that Plaintiff filed a notice of its entry on October 31, 2025, and respectfully refer the Court to that order (Exhibit 6), which speaks for itself. Defendants aver that the temporary restraining order preceding it was entered ex parte; that the Preliminary Injunction was entered on an unopposed record after a hearing on October 15, 2025, at which no one appeared for any defendant; that its findings were preliminary findings of likelihood of success that adjudicated nothing; that one of the claims on which those findings rested (public disclosure of private facts) is no longer asserted in the operative Second Amended Complaint; and that the Preliminary Injunction was modified by order entered May 20, 2026. Defendants deny that Tracy Darling circulated, or threatened to circulate, any recording to the public and deny the remaining allegations in paragraph 20.

21. Paragraph 21, as written, concerns Plaintiff's own compliance with the injunction; Defendants lack knowledge or information sufficient to form a belief about that allegation and therefore deny it. To the extent paragraph 21 is intended to refer to Tracy Darling, Defendants deny it.

**ANSWER TO CLAIM I**

**(Promissory Estoppel - 11 U.S.C. § 523(a)(4) & (6))**

22. Defendants repeat and reallege their responses to the allegations in paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23. Defendants deny the allegations in paragraph 23 of the Complaint. Tracy Darling does not recall representing that the recordings would remain private, and denies making any representation she knew to be false. To the extent Tracy Darling made any remark during a particular conversation about not sharing that conversation, any such remark was informal, limited to that conversation, created no agreement, and did not address the use of any recording in a judicial proceeding concerning the welfare of minor children.

24. Defendants deny the allegations in paragraph 24 of the Complaint, including that Tracy Darling acted in a fiduciary capacity at any time, and aver that no express or technical trust existed between Tracy Darling and Plaintiff.

25. Defendants deny the allegations in paragraph 25 of the Complaint.

26. Defendants deny the allegations in paragraph 26 of the Complaint.

27. Defendants deny the allegations in paragraph 27 of the Complaint.

28. Defendants deny the allegations in paragraph 28 of the Complaint.

29. Defendants deny the allegations in paragraph 29 of the Complaint, including that Plaintiff has been injured in any amount.

30. Paragraph 30 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 30 of the Complaint.

31. Paragraph 31 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 31 of the Complaint.

32. Defendants deny the allegations in paragraph 32 of the Complaint, deny that Plaintiff is entitled to any of the relief requested, and aver that Claim I is not asserted against Wayne Darling.

**ANSWER TO CLAIM II**

**(Fraud in the Inducement - 11 U.S.C. § 523(a)(4) & (6))**

33. Defendants repeat and reallege their responses to the allegations in paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34. Defendants deny the allegations in paragraph 34 of the Complaint, and aver that there was no therapist/patient relationship or agreement, oral or otherwise, between Tracy Darling and Plaintiff.

35. Defendants deny the allegations in paragraph 35 of the Complaint, including that Tracy Darling acted in a fiduciary capacity at any time.

36. Defendants deny the allegations in paragraph 36 of the Complaint, and aver that Tracy Darling did not solicit, and is not aware of receiving, any proceeds of the life insurance on Plaintiff's late husband, and incorporate their response to paragraph 23 regarding the recordings.

37. Defendants deny the allegations in paragraph 37 of the Complaint.

38. Defendants deny the allegations in paragraph 38 of the Complaint.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

40. Defendants admit that Tracy provided certain recordings to Alexander Kohlrautz as described in response to paragraph 17. Defendants deny that Tracy Darling "extracted" money

from Plaintiff, deny that the frequency of the parties' conversations increased at Tracy Darling's urging, and deny the remaining allegations in paragraph 40.

41. Defendants deny the allegations in paragraph 41 of the Complaint.

42. Defendants deny the allegations in paragraph 42 of the Complaint, including that Plaintiff has been injured in any amount.

43. Paragraph 43 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 43 of the Complaint.

44. Paragraph 44 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 44 of the Complaint.

45. Defendants deny the allegations in paragraph 45 of the Complaint, deny that Plaintiff is entitled to any of the relief requested, and aver that Claim II is not asserted against Wayne Darling.

**ANSWER TO CLAIM III**

**(Intentional Infliction of Emotional Distress - 11 U.S.C. § 523(a)(6))**

46. Defendants repeat and reallege their responses to the allegations in paragraphs 1 through 45 of the Complaint as if fully set forth herein.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

48. Defendants deny the allegations in paragraph 48 of the Complaint, and incorporate their response to paragraph 23 regarding the recordings.

49. Defendants admit that Tracy Darling provided certain recordings to Alexander Kohlrautz as described in response to paragraph 17. Defendants deny that Tracy Darling breached any promise, deny that she intended or expected the recordings to be distributed more widely, and deny the remaining allegations in paragraph 49.

50. Defendants admit that Plaintiff discussed personal matters in her conversations with Tracy Darling. Defendants deny that Tracy Darling breached Plaintiff's trust or caused Plaintiff distress, and deny the remaining allegations in paragraph 50.

51. Defendants deny the allegations in paragraph 51 of the Complaint.

52. Defendants deny the allegations in paragraph 52 of the Complaint.

53. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's emotional and physical condition, and therefore deny them. Defendants deny any remaining allegations in paragraph 53.

54. Defendants deny the allegations in paragraph 54 of the Complaint.

55. Defendants deny the allegations in paragraph 55 of the Complaint, including that Plaintiff has been damaged in any amount.

56. Paragraph 56 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 56 of the Complaint.

57. Defendants deny the allegations in paragraph 57 of the Complaint, deny that Plaintiff is entitled to any of the relief requested, and aver that Claim III is not asserted against Wayne Darling.

**ANSWER TO CLAIM IV**

**(Unjust Enrichment - 11 U.S.C. § 523(a)(4) & (6))**

58. Defendants repeat and reallege their responses to the allegations in paragraphs 1 through 57 of the Complaint as if fully set forth herein.

59. Defendants deny the allegations in paragraph 59 of the Complaint. Defendants aver that Tracy Darling did not provide therapy to Plaintiff, never charged Plaintiff a set rate, and does not recall ever invoicing Plaintiff for a conversation, and that from time to time Plaintiff made

voluntary transfers of money, at times and in amounts of her own choosing, that were not payment for any promise of confidentiality.

60. Defendants deny the allegations in paragraph 60 of the Complaint, including that Tracy Darling acted in a fiduciary capacity at any time.

61. Defendants admit that Tracy Darling received voluntary transfers of money from Plaintiff, and deny the remaining allegations in paragraph 61.

62. Defendants deny the allegations in paragraph 62 of the Complaint.

63. Defendants deny the allegations in paragraph 63 of the Complaint.

64. Defendants deny the allegations in paragraph 64 of the Complaint, including that Plaintiff has been damaged in any amount.

65. Paragraph 65 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 65 of the Complaint.

66. Paragraph 66 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 66 of the Complaint.

67. Defendants deny the allegations in paragraph 67 of the Complaint, deny that Plaintiff is entitled to any of the relief requested, and aver that Claim IV is not asserted against Wayne Darling.

**ANSWER TO CLAIM V**

**(Objection to Discharge - 11 U.S.C. § 727(a)(5))**

68. Defendants repeat and reallege their responses to the allegations in paragraphs 1 through 67 of the Complaint as if fully set forth herein.

69. Defendants admit that they filed the schedules, statements, and amendments identified in paragraph 69 on the dates stated. Defendants aver that the amendments were good-faith

corrections and supplementation of their disclosures, and deny any remaining allegations and characterizations in paragraph 69.

70. As to paragraph 70 of the Complaint: (a) Defendants admit that their original Schedule A/B listed their interest in real property in County Wicklow, Ireland at $11,000 and that the Amended Schedule A/B listed it at $250,000, and aver that both values were good-faith estimates based on online research, the lower reflecting the estimated value of the land as undeveloped land and the higher reflecting its estimated potential value with planning permission; (b) Defendants admit that their original Statement of Financial Affairs identified Alexander Kohlrautz as the recipient of an approximately $45,000 transfer and that the Amended Statement of Financial Affairs identified Christopher Weber, and aver that on or about December 24, 2024, the funds were wired to Mr. Weber for legal fees incurred by Alexander Kohlrautz in a child-custody proceeding, so that both versions describe the same transaction; (c) Defendants admit that the Amended Statement of Financial Affairs disclosed approximately $215,000 in home equity line of credit draws during 2024, and aver that the line of credit funded on or about November 22, 2024; that approximately $61,758.16 was paid directly to Defendants' credit card creditors; that the balance of approximately $153,241.84 was deposited into Defendants' Frost Bank account ending 8059; and that the use of those funds, including the transfer described in paragraph 72, is reflected in Defendants' bank statements, which Defendants will provide to the Chapter 7 Trustee; and (d) Defendants admit that the second Amended Schedule A/B (Bankr. ECF No. 20) disclosed Frost Bank checking account ending 5275, aver that the account belongs to Defendants' son Arthur Darling, that Tracy Darling has been a signatory on the account since co-signing to open it for him as a minor, that Wayne Darling is not a signatory, and that neither Defendant has used the account for their own purposes; deny that either Defendant holds any beneficial interest in it; and aver that Defendants will amend their response to Question 23 of the

Statement of Financial Affairs to conform. Defendants deny that the successive versions of their schedules and statements materially contradict one another, deny that any amendment reflects a loss or concealment of assets, and deny the remaining allegations in paragraph 70.

71. Defendants admit that the Amended Statement of Financial Affairs (Bankr. ECF No. 17 at 3) lists approximately $215,000 of home equity line of credit draws in the section for other income. Defendants aver that those funds were loan proceeds drawn on a home equity line of credit, not income, and were listed in that section for completeness of disclosure; Defendants deny any remaining allegations in paragraph 71.

72. Defendants admit that on or about December 24, 2024, Defendants wired $45,000 of home equity line of credit proceeds to Christopher Weber for legal fees incurred by their son Alexander Kohlrautz in a child-custody proceeding, and aver that Defendants will amend their Statement of Financial Affairs to correct the date of that transfer. Defendants refer the Court to Bankr. ECF No. 17 at 9 for its contents. Defendants deny that the transfer was "funneled" or otherwise improper, deny that it is unexplained, and deny the remaining allegations and characterizations in paragraph 72.

73. Defendants admit that their schedules reflect the figures referenced in paragraph 73 of the Complaint, deny that the loan-to-value ratio of their homestead bears on any claim under 11 U.S.C. § 727(a)(5), and deny the remaining allegations and any inference of wrongdoing drawn from those figures.

74. Defendants admit that between 2024 and 2026 they made intermittent transfers totaling approximately $10,342 to their adult son Arthur Darling, who resides with them, and aver that those transfers were disclosed in their Amended Statement of Financial Affairs. Defendants deny the characterization "rolling bank transfers," deny that the transfers are unexplained, and deny the remaining allegations in paragraph 74.

75. Defendants admit that their Texas Trust Credit Union checking and savings accounts were closed in July 2025 and that their Charles Schwab brokerage account was closed in November 2025. Defendants aver that the Texas Trust Credit Union accounts carried a negative balance that was brought to $0.00 before closing, with no funds disbursed to Defendants; that on or about November 6, 2025, the remaining $1,859.08 balance of the Charles Schwab account was transferred to Defendants' Frost Bank account ending 8059; and that Defendants will amend their Statement of Financial Affairs to reflect that transfer. Defendants deny that any funds are unexplained and deny the remaining allegations in paragraph 75.

76. Defendants deny the allegations in paragraph 76 of the Complaint, and aver that they have satisfactorily explained the disposition of their assets and that there has been no loss or deficiency of assets warranting denial of discharge under 11 U.S.C. § 727(a)(5).

**CONSENT TO ENTRY OF FINAL ORDERS**

77. Pursuant to Federal Rule of Bankruptcy Procedure 7012(b), Defendants consent to the entry of final orders or judgment by the Bankruptcy Court in this adversary proceeding.

78. Except as expressly admitted in the foregoing paragraphs, Defendants deny each and every allegation in the Complaint, including the allegations in the unnumbered "Prayer for Relief," and deny that Plaintiff is entitled to any relief whatsoever. Defendants specifically deny that Wayne Darling is liable to Plaintiff for any damages, costs, fees, or interest, because no claim under 11 U.S.C. § 523 is asserted against him.

**AFFIRMATIVE DEFENSES**

Defendants assert the following defenses without assuming any burden of proof or persuasion that the law places on Plaintiff.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted, for the reasons stated in the Partial Motion, which Defendants incorporate by reference. Without limitation: (a) Claims I, II, and IV allege no facts showing that Tracy Darling acted in a fiduciary capacity within the meaning of 11 U.S.C. § 523(a)(4); (b) Claims I, II, and IV do not plausibly allege a willful and malicious injury within the meaning of 11 U.S.C. § 523(a)(6); (c) the fraud-based allegations are not pleaded with the particularity required by Federal Rule of Civil Procedure 9(b), made applicable by Federal Rule of Bankruptcy Procedure 7009; and (d) no claim for monetary relief is stated against Wayne Darling.

**SECOND AFFIRMATIVE DEFENSE**

**(No Fiduciary Capacity - 11 U.S.C. § 523(a)(4))**

Tracy Darling did not act in a fiduciary capacity with respect to Plaintiff. Tracy Darling was not Plaintiff's therapist, never held herself out as a therapist, licensed or otherwise, and provided only astrology and "wisdom teaching" discussions and, separately, book-publishing consulting. Plaintiff's own pleadings allege at most an informal oral arrangement with an unlicensed person. There was no express or technical trust, no trust res, and no fiduciary relationship of any kind between Tracy Darling and Plaintiff, and no such relationship existed before the conduct alleged. Section 523(a)(4) therefore does not apply.

**THIRD AFFIRMATIVE DEFENSE**

**(No False Representation or Fraudulent Intent - §§ 523(a)(4) & (6))**

Tracy Darling made no knowingly false representation to Plaintiff, made no agreement or continuing promise of confidentiality, and formed no intent to deceive or injure Plaintiff. The parties were co-grandparents who maintained a cordial relationship from 2009 through 2023.

The recordings at issue were made between February 2021 and September 2023 at Plaintiff's request, years after the 2017 events on which Plaintiff bases her claims, and were not made or obtained by any misrepresentation. Plaintiff's own verified pleading concedes that Tracy Darling "likely did not know how she would use the recordings in the future." (Compl. Ex. 1 ¶ 22.)

**FOURTH AFFIRMATIVE DEFENSE**

**(Consent; No Reasonable Expectation of Confidentiality)**

Plaintiff requested that the parties' conversations be recorded so that she could replay them, consented to the recordings, and received a copy of each recording. On information and belief, Plaintiff shared recordings with members of her own family. Plaintiff had no reasonable expectation that the recordings would be withheld from use in a judicial proceeding concerning the welfare of the parties' mutual grandchildren, and her consent bars or limits her claims arising from the making and use of the recordings.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Willful and Malicious Injury; Justification - § 523(a)(6))**

Tracy Darling did not commit any willful and malicious injury to Plaintiff. The only disclosure of recordings by Tracy Darling was to her son, Alexander Kohlrautz, for use in a sealed child-custody proceeding concerning the parties' mutual minor grandchildren. Tracy Darling did not herself provide any recording to that court and did not publicly disseminate any recording. She acted out of concern for the welfare of her grandchildren, not with intent to injure Plaintiff, and her conduct was privileged and justified.

**SIXTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiff's claims, including her equitable claims for promissory estoppel and unjust enrichment, are barred in whole or in part by the doctrine of unclean hands. Plaintiff asserted no

claim against Tracy Darling or Alexander Kohlrautz until after a child-custody proceeding involving Plaintiff's daughter concluded in early 2025, and, on information and belief, Plaintiff has pursued this litigation to obtain leverage over custody arrangements for the grandchildren. Plaintiff also sought, ex parte and without notice to either defendant, the destruction of the very recordings that refute her allegations.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Debt; Failure of Proof of Damages)**

Plaintiff cannot establish a nondischargeable debt because no debt exists. Tracy Darling did not solicit, and is not aware of receiving, any life-insurance proceeds in connection with the 2017 death of Plaintiff's husband, never charged Plaintiff a set rate, does not recall issuing any invoice to Plaintiff for a conversation, and any funds Plaintiff transferred were voluntary. The debts alleged in the Complaint are unliquidated and unadjudicated, no judgment has been entered against either Defendant, and Plaintiff has suffered no cognizable damages.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Satisfactory Explanation of Assets - § 727(a)(5))**

Defendants have satisfactorily explained the disposition of their assets. The approximately $215,000 identified by Plaintiff represents loan proceeds drawn on a home equity line of credit, not income, and their use is documented; approximately $61,758.16 was paid directly to credit card creditors and the balance deposited into Defendants' Frost Bank account, with its use reflected in Defendants' bank statements; upon closing the Charles Schwab brokerage account on or about November 6, 2025, its balance of $1,859.08 was transferred to Defendants' Frost Bank account; the Texas Trust Credit Union accounts carried a negative balance that was brought to $0.00 before closing, with no funds disbursed; the Frost Bank account ending 5275 belongs to Defendants' son Arthur Darling; the transfers to Arthur Darling

are disclosed; and the amendments to Defendants' schedules and statements were good-faith corrections. Section 727(a)(5) reaches only a loss or deficiency of the debtors' own assets, and there has been no unexplained loss or deficiency of assets.

**NINTH AFFIRMATIVE DEFENSE**

**(Statutes of Limitations)**

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations, including NRS 11.190 and, to the extent Texas law applies, Tex. Civ. Prac. & Rem. Code §§ 16.003 and 16.004. Without limitation, Plaintiff has conceded that her unjust enrichment claim is subject to a four-year limitations period (Compl. Ex. 7 at 14), and any recovery of amounts paid before September 9, 2021 is time-barred.

**TENTH AFFIRMATIVE DEFENSE**

**(Judicial Proceedings Privilege)**

The only use of the recordings by or through Tracy Darling was in connection with a judicial proceeding, and that use is absolutely privileged. Plaintiff has acknowledged that the disclosure to the Clark County Family Court "may have been privileged" and that she "does not premise liability on this disclosure." (Compl. Ex. 7 at 16 n.3.)

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Claim Against Wayne Darling)**

No claim under 11 U.S.C. § 523 is asserted against Wayne Darling, who was not a party to any alleged agreement or communication with Plaintiff and is not alleged to have participated in any conduct on which Claims I through IV are based. Plaintiff is not entitled to any monetary relief against Wayne Darling.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Reservation)**

Defendants reserve the right to amend this Answer to assert additional defenses as discovery proceeds.

WHEREFORE, Defendants Tracy Ellen O'Reilly Darling and Wayne Alan Darling respectfully request that the Court:

A. Grant the Partial Motion and dismiss Claims I, II, and IV, and all claims for monetary relief against Wayne Darling, with prejudice;

B. Enter judgment in Defendants' favor on all remaining claims, determine that any debt alleged to be owed to Plaintiff is dischargeable, and deny Plaintiff's objection to discharge under 11 U.S.C. § 727(a)(5);

C. Award Defendants their costs and expenses incurred in this proceeding, including attorneys' fees to the extent permitted by law; and

D. Grant Defendants such other and further relief as the Court deems just and proper.

Respectfully submitted,
Norred Law, PLLC

By: __/s/ Clayton L. Everett____
Clayton L. Everett
Texas State Bar No. 24065212
clayton@norredlaw.com
515 E. Border St.
Arlington, Texas 76010
O 817-704-3984, F. 817-524-6686
Counsel for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2026 a true and correct copy of the foregoing document was served electronically via the Court's CM/ECF system on all parties registered to receive electronic notices in this case, including counsel for Movant Angela Harris (Marc J. Randazza, ecf@randazza.com; and Jay Blass Cohen jay@blasslaw.com).

/s/ Clayton L. Everett
Clayton L. Everett